FRANKLIN ELECTRIC CO., Inc. *v.* Richard HEATH,
Director, Department of Finance and Administration

76-333                                547 S.W. 2d 755

Opinion delivered March 14, 1977
(In Banc)

[Rehearing denied April 11, 1977.]

*Smith, Williams, Friday, Eldredge & Clark,* by: *Jerry T. Light, Lewis H. Mathis,* and *James D. Holland,* for appellant.

*James R. Cooper, Harlin R. Hodnett, James R. Eads, Jr. and Jack East III,* by: *Robert G. Brockmann,* for appellee.

FRANK HOLT, Justice. This appeal concerns the franchise tax liability of a foreign corporation doing business in Arkansas. The pertinent facts are stipulated. Appellant is an Indiana corporation authorized since 1969 to do business in Arkansas. In 1973 appellant validly amended its articles of incorporation, under the law of Indiana, reclassifying its authorized stock from no-par to fifty cents par value stock. This amendment was duly reported by appellant to appellee in its sworn franchise tax report which is required by Ark. Stat. Ann. § 84-1835 and §84-1836 (Repl. 1960) for the pur-

pose of computing the annual franchise tax. In its report appellant computed its tax according to the par value of its shares of stock as reflected by its amended articles of incorporation. Because appellant did not file an amended copy of its articles with the Arkansas Secretary of State, appellee refused to compute the tax liability on the basis of the amended articles (fifty cents par value stock) and instead assessed appellant's stock at no-par value per share. By our statute § 84-1837, no-par stock is valued at $25 per share for franchise tax purposes. Consequently, appellant's tax liability was increased from $405.82 (reported by appellant) to $20,291. Appellant paid the latter amount under protest and brought this action to recover the alleged overpayment. The chancellor held that the franchise tax imposed upon corporations in Arkansas is computed upon the stated par value of the stock according to the official records of the Secretary of State of Arkansas. Appellant argues that the general assembly has enacted no statute that requires, explicitly or impliedly, a qualified foreign corporation to file in Arkansas copies of amendments to its articles of incorporation and, therefore, appellant is entitlted to recognition of its amended articles which are admittedly in compliance with the law of its domicile. We agree.

The Arkansas Business Corporation Act is codified as Ark. Stat. Ann. §§ 64-101, *et seq.* The distinctions between foreign and domestic corporations are evident from the definitions provided in § 64-102 which provides:

> Definitions. - As used in this act [chapters 1-10 of this title], unless the context requires otherwise, the term:
>
> A. 'Corporation' or 'domestic corporation' means a corporation for profit subject to the provisions of this act, *except a foreign corporation.* (Italics supplied.)

The distinction is further made evident by the fact that the legislature has provided a separate chapter governing foreign corporations, §§ 64-1201 - 64-1224. Further, the procedures and requirements outlined in §§ 64-117, 64-506, 64-507 and 64-510, relied on by appellee, concerning amendments to articles of incorporation, clearly apply only to domestic cor-

porations. We find no provision in any of these chapters nor is any cited to us that requires the filing of the amended articles here with the Secretary of State for tax computation purposes.

Appellee relies upon Art. 12, § 11, Arkansas Constitution (1874). That provision subjects foreign corporations to the same regulations, limitations and liabilities as domestic corporations *only* as to "contracts made or business done in this State." We do not construe this provision as being applicable to the computation of franchise taxes of either domestic or foreign corporations. The relevant statutes on the subject of the franchise tax sought to be imposed here are § 84-1835, which requires an annual sworn report be made by domestic and foreign corporations to the appellee, and § 84-1838, which provides:

> The Commissioner, from the facts reported and from any other facts coming to his knowledge bearing upon the subject, shall compute the amount of the tax by each of said corporations at the applicable rate or rates hereinbefore provided. . . .

In summary no requirement exists in our state that amended articles of foreign corporations be filed with the Secretary of State before their validity is recognized for the computation of the franchise tax here. It is the prerogative of our legislature to enact such a requirement. We note other states have done so: i.e., Miss. Code, § 79-3-231 and W. Vir. Code, §31-1-57.

Reversed and remanded for proceedings not inconsistent with this opinion.

HICKMAN, J., disqualified and not participating.